# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RICHIE ACCIME,

    Plaintiff

v.

CARES CAMPUS, et al.,

    Defendants

Case No.: 3:25-cv-00698-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action as a result of Plaintiff's failure to update his contact information or otherwise prosecute this action.

Plaintiff filed an application to proceed *in forma pauperis* (IFP) and pro se complaint on December 3, 2025. (ECF Nos. 1, 1-1.) The court issued an advisory letter that same day, which was returned as undeliverable. (ECF Nos. 2, 3.) On January 15, 2026, the court issued an order giving Plaintiff 21 days, until February 5, 2026, to update his contact information with the court pursuant to Local Rule IA 3-1. He was cautioned a failure to do so may result in dismissal of this action. (ECF No. 4.)

To date, Plaintiff has not updated his contact information or otherwise indicated an intent to prosecute this action.

Local Rule IA 3-1 requires a party to immediately file a notice of change of address, and a failure to comply with this rule may result in dismissal or other appropriate sanction.

In addition, Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to update his contact information or further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to apprise the court of his whereabouts or otherwise prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions

an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b), and dismissal is also appropriate under Local Rule IA 3-1.

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action and **DENYING AS MOOT** his application to proceed IFP (ECF No. 1).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 11, 2026

_____
Craig S. Denney
United States Magistrate Judge